IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ESAW LAMPKIN | § | |
| v. | § | CIVIL ACTION NO. 6:16cv1174 |
| JEFF JACKSON, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Esaw Lampkin, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Longview defense attorneys Jeff Jackson and Scott Novy as well as State Bar of Texas employees Jackie Truitt, David Kitner, and Kathy Owen.

**I. The Plaintiff's Claims**

Lampkin complains that he received ineffective assistance of counsel from Jackson and Novy at his trial in August of 2016. He claims that the attorneys coerced him into pleading guilty for a 35 year sentence by telling him that based on his criminal record, he would get 99 years in prison if he went to trial. Lampkin asserts that the attorneys failed to produce mitigating evidence to lessen this sentence, failed to contact witnesses, would not employ an expert witness, placed him in a bad light by testifying at a pre-trial hearing and asking him "damaging unlawful questions," failed to investigate his mental health history, and refused to file proper defense motions or raise proper objections. He claims that the State Bar officials failed to correct the misconduct, but offers no further factual details concerning these defendants.

1

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report stating that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, a plaintiff under 42 U.S.C. §1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (*en banc*). Because a judgment in Lampkin's favor would necessarily call into question the validity of his conviction, Lampkin must meet the *Heck* prerequisites before he can proceed with a civil rights lawsuit raising these allegations. The Magistrate Judge observed that according to Lampkin, his conviction was rendered on August 25, 2016, less than one month prior to his filing of the present lawsuit, meaning he plainly has not had enough time to pursue a direct appeal through the Texas Court of Criminal Appeals. The Magistrate Judge therefore recommended that the lawsuit be dismissed with prejudice to his claims being asserted again until Lampkin can meet the *Heck* prerequisites. *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007).

## III. Lampkin's Objections

In his objections to the Report, Lampkin states that he is entitled to receive effective assistance of counsel at trial as well as compulsory process for obtaining witnesses. He contends that his conviction was reversed on direct appeal, but he cites an earlier proceeding, at which his conviction was affirmed but the case was remanded for a new trial on punishment only. *Lampkin v. State*, 470 S.W.3d 876, 899 (Tex.App.-Texarkana 2015, pet. ref'd). Lampkin states in another lawsuit that Brandon Winn, not Jackson or Novy, was his attorney at this earlier proceeding. *See Lampkin v. Dean*, civil action no. 6:15cv496, docket no. 1, p. 3. Lampkin has not shown that the proceeding in which he claims ineffective assistance by Jackson and Novy, which took place in August of 2016, has been overturned, reversed, or otherwise set aside.

2

Lampkin does not mention the Magistrate Judge's recommendation for the dismissal of the State Bar employees in his objections. In any event, it is by no means clear that Lampkin has set out a constitutional claim against employees of the Texas State Bar for not resolving his grievance against his attorneys in the manner which he wanted. *See Raines v. Sandling*, civil action no. A-14-CA-496, 2014 WL 2946656 (W.D.Tex., June 27, 2014) (claim of dissatisfaction with resolution of bar grievance did not implicate any federal constitutional rights). Lampkin's objections are without merit.

**IV. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 7) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** to the claims being asserted again until such time as Lampkin can show that his conviction has been overturned, expunged by executive order, declared invalid in a state collateral proceeding, or called into question through the issuance of a federal writ of habeas corpus.

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **6** day of **March, 2017.**

_____
Ron Clark, United States District Judge